**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2607
_____

EDWENA LEITE,
                    Appellant

v.

SCHOOL DISTRICT OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-00306)
District Judge: Honorable Timothy J. Savage
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 2, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*.

(Filed: June 3, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**HARDIMAN**, *Circuit Judge*.

Edwena Leite appeals a summary judgment for the School District of Philadelphia on her claims under Title VII of the Civil Rights Act. We will affirm.

I

Leite was a special education teacher and liaison in the School District. An audit in February 2020 revealed that she had neglected her duties by failing to deliver students' files to their new schools. It also found that Leite's individual education programs for students lacked data and evidence and that she had provided "questionable levels of service" for them. App. 414 (capitalization altered).

Leite learned that she was pregnant and informed school principal Zaida Alfaro in May 2020. A month later, Alfaro held an investigatory conference with Leite and her union counsel to discuss the audit's findings. Alfaro issued an Unsatisfactory Incident Report (SEH-204), concluding that Leite had failed to provide adequate instruction to students, supply special education records, and manage confidential files. Alfaro made a preliminary recommendation to: (1) suspend Leite for three days, (2) issue her a written warning, and (3) place the SEH-204 and related documents in Leite's personnel file.

Following several years of sabbatical and extended sick leave, Leite was instructed to attend another disciplinary conference, this one to discuss the SEH-204. After that meeting, Alfaro wrote a Conference Summary Report that "revis[ed]" her recommendations in the SEH-204, reducing Leite's suggested suspension to one day. App. 458.

The last disciplinary proceeding was a second-level hearing in June 2023.

Following that, Hearing Officer Shelia Wallin issued a Summary Report, which upheld Alfaro's findings but modified her recommendations. The final recommendations included: (1) a written warning and (2) forwarding of the Report, SEH-204, and "all related documents" to Leite's personnel file. App. 461. A few months later, Leite resigned and took a higher-paying position in a different school district.

Leite sued the School District under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, asserting claims for pregnancy discrimination, race discrimination, and retaliation.[1] She alleged that documents from the disciplinary proceedings were placed in her personnel file, inhibiting her from securing new employment.

During discovery, the School District produced Leite's personnel file, which had no documents relating to the 2020 disciplinary proceedings. The School District also submitted the declaration of Matthew Rambo, Manager of Employee Records. He attested there were no documents in Leite's file from the proceedings, and no one had requested removal of documents from her file. Rambo also stated that employees' files were "accessible only to a limited number of School District personnel" and not to "outside employers, prospective employers and/or non-School District entities." App. 470–71.

Following discovery, the School District moved for summary judgment, which the District Court granted. Leite appealed.

---

[1] The District Court dismissed Leite's retaliation claim, which she does not appeal.

II[2]

Leite contends that summary judgment was improper because there is a genuine dispute about whether the documents from the disciplinary proceedings were placed in her personnel file, interfering with her ability to secure a new job. The District Court observed that, if proven, that allegation would constitute an adverse employment action under *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). But it determined that Leite had failed to identify facts from which a reasonable jury could conclude that the disciplinary documents were in her file and accessible to prospective employers. So she did not establish an "injury respecting her employment terms or conditions." *Id.* at 359. We agree.

Leite argues that the District Court erred "[g]iven the lower bar of *Muldrow*" for her prima facie case. Leite Br. 14. But she misreads *Muldrow*. While it broadened the scope of what can constitute an adverse action, *Muldrow* did not alter the non-movant's burden at summary judgment to identify facts from which a reasonable juror could infer that the alleged adverse action occurred.

Leite has not shown an adverse action. She points to Alfaro's and Wallin's recommendations that documents relating to the disciplinary action be placed in her personnel file. But Leite acknowledges that she never viewed her own file, and she offers no evidence that those recommendations were carried out. In fact, the record suggests the

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's summary judgment de novo. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015).

4

opposite: the file produced during discovery contained no documents relating to any of the disciplinary proceedings.

Leite insists that only a factfinder can decide whether it believes the School District's evidence. But she offers no reasons to doubt that evidence, let alone any evidence of her own that these documents ever made it into her file. The School District maintains a policy of keeping disciplinary documents in employees' personnel file unless an employee applies to remove them. Leite never requested that any of her documents be removed. And even if the documents were put in her file, Leite has provided no evidence that prospective employers had access to her file or otherwise knew of her disciplinary history.[3]

Leite's failure to show a genuine dispute of material fact as to her alleged adverse employment actions dooms both claims. *Jones v. Sch. Dist.*, 198 F.3d 403, 411 (3d Cir. 1999) (race discrimination); *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 365 (3d Cir. 2008) (pregnancy discrimination). So the School District was entitled to summary judgment.

\* \* \*

For these reasons, we will affirm the District Court's judgment.

---

[3] To the extent that Leite contends that the disciplinary process itself constitutes an adverse employment action, that argument fails. She has not shown how the School District's disciplinary process—which was conducted according to procedure—constituted a "harm respecting an identifiable term or condition of employment." *Muldrow*, 601 U.S. at 355. Without more, her conclusory assertion that she suffered "emotional and mental anguish" from the process, Leite Br. 10, does not preclude summary judgment.